

FILED

2005 JUL 25  PM 3: 15

U.S. DISTRICT COURT
DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR128 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| RAYSHAWN LIGON, | ) | PLEA AGREEMENT |
| | ) | |
| Defendant. | ) | |

The parties to this Agreement, the United States of America and the

defendant, RAYSHAWN LIGON, recognize that the defendant has been named in

an eight-count Indictment filed on March 16, 2005.

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), and in consideration of the mutual

promises set forth below, the following Agreement is entered into by and between

-2-

the defendant, RAYSHAWN LIGON, and the United States of America[1] by David P. Folmar, Jr., Assistant United States Attorney. This Agreement shall be binding upon the United States Attorney's Office for the Northern District of Ohio and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

## ADVICE OF RIGHTS, CHARGES AND PENALTIES

1. The defendant, having been advised of his constitutional rights, including his right to a trial by jury or by the court, his right to confront and cross-examine witnesses against him, his right to call witnesses on his behalf, his right to be represented by an attorney at every stage of the proceeding against him, and his privilege against self-incrimination, specifically and voluntarily waives these rights and privileges and agrees to enter a plea of guilty to Count 7 of the Indictment. The defendant agrees to plead guilty to Count 7 because he is in fact guilty of this crime.

2. Count 7 of the Indictment charges the defendant with possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1)

---

[1]     The terms "United States of America" and "government", as hereinafter used in this agreement, are defined as and restricted to mean the United States Attorney's Office for the Northern District of Ohio.

-3-

and 841(b)(1)(C). The defendant understands that the statutory penalty for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) is a maximum term of 20 years imprisonment, a $1,000,000 fine, and at least three years of supervised release.

3.  The defendant further understands that he shall pay a mandatory $100 special assessment pursuant to 18 U.S.C. § 3013, and that such assessment is due and payable on the date of sentencing.

4.  The defendant understands that the recommendations contained herein are not binding on the Court, and the Court alone will decide the applicable guideline range under the advisory Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside the range, and what sentence to impose.  The defendant further understands that if the Court imposes a sentence different from what is recommended, the defendant will not be permitted to withdraw the guilty plea.

## GUIDELINE CALCULATIONS

5.  The defendant understands that federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory United States Sentencing Guidelines in effect at the time of sentencing in determining a reasonable sentence.

-4-

6. The defendant further understands the United States' obligation to provide all information in its files regarding the defendant, including charged and uncharged criminal offenses, to the United States Probation Office.

7. The defendant and the United States agree and stipulate for the purpose of this case that:

        a.     the amount of heroin involved in this case was at least 20 grams, but less than 40 gram, establishing a base offense level of 18.  See U.S.S.G. § 2D1.1(c)(11);

        b.     should the defendant be determined to have been in possession of firearms, his base offense level will be increased by two levels pursuant to U.S.S.G. § 2D1.1(b)(1).

8. Based on the foregoing stipulated facts, the defendant understands that his base offense level will be 20 if he is assessed responsibility for the possession of firearms, and 18 if he does not.

9. For the purpose of determining whether or not the defendant has accepted responsibility in the instant case, the United States agrees to advise the Court, at the time of sentencing, that the defendant timely notified the United States of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate resources

-5-

efficiently. Therefore, unless the defendant acts in a manner inconsistent prior to sentencing, the government agrees to recommend to the Court a three-level reduction for acceptance of responsibility. However, the defendant understands that the decision regarding acceptance of responsibility rests with the discretion of the Court and will be determined by the Court following an investigation by the United States Probation Office and in accordance with all applicable guideline provisions set forth in the Application Notes to U.S.S.G. §3E1.1.

10. The defendant understands that the defendant's criminal history will be determined by the Court after an investigation by the United States Probation Office. No promises have been made to the defendant as to what his Criminal History may be.

## SENTENCING

11. Both parties reserve the right of allocution. Further, the parties reserve the right to make a statement to the United States Probation Office and at the time of sentencing as provided in Fed. R. Crim. P. 32(a).

12. The defendant understands that the Court, within its discretion, may order the defendant to pay a fine, that the Court may order the defendant to pay costs of incarceration and/or supervised release, and that the Court may order the defendant to make restitution to any victim(s) of the offense. The costs of

-6-

incarceration, supervised release, and orders of restitution will be determined by

the Court after an investigation by the United States Probation Office.

13. The government agrees, following the imposition of sentence in this

matter, to move this Court to dismiss Count 1, for good cause.

13a. While the defendant has not cooperated with the Government at this

time, should this change in the future, the government will fairly evaluate the

defendant's information in order to make a determination as to whether a motion

for downward departure should be filed pursuant to U.S.S.G. § 5K1.1.

## WAIVER OF APPELLATE RIGHTS, DEFENSES AND HABEAS CORPUS RIGHTS

14. The defendant acknowledges having been advised by counsel of his

rights, in limited circumstances, to appeal the conviction or sentence in this case,

including the appeal right conferred by 18 U.S.C. §3742, and to challenge the

conviction or sentence collaterally through a post-conviction proceeding,

including a proceeding under 28 U.S.C. §2255. The defendant expressly waives

those rights except as reserved below. The defendant reserves the right to appeal:

(a) any punishment in excess of the statutory maximum sentence; and (b) any

sentence to the extent it exceeds the maximum of the sentencing range determined

under the advisory Sentencing Guidelines in accordance with the sentencing

-7-

stipulations and computations in this agreement, using the Criminal History

Category found applicable by the Court. Nothing in this paragraph shall act as a

bar to the defendant perfecting any legal remedies he may otherwise have on

appeal or collateral attack respecting claims of ineffective assistance of counsel or

prosecutorial misconduct.

15. In the event the defendant's guilty plea is rejected, withdrawn, vacated,

or reversed at any time, the United States will be free to prosecute the defendant

for all charges of which it has knowledge, and any charges that have been

dismissed because of this plea agreement will be automatically reinstated. In such

event, defendant waives any objections, motions, or defenses based upon the

Statute of Limitations, the Speedy Trial Act, or constitutional restrictions on

bringing charges.

## FACTUAL BASIS FOR GUILTY PLEA

16. The defendant agrees that if this matter were to proceed to trial, the

United States could prove the following facts beyond a reasonable doubt, and that

these facts accurately represent his readily provable and reasonably foreseeable

offense conduct and specific offense characteristics.

17. The defendant and his codefendants were involved in a conspiracy to

distribute heroin in the Cleveland area between November 2003 through the date

-8-

of the Indictment. On March 1, 2005, the defendant was surveiled by law enforcement at a residence located at 5108 Barkwill Avenue, Cleveland, Ohio. Shortly thereafter, his codefendant was stopped while operating his vehicle after leaving the residence. At the time of the stop, the codefendant was in possession of a quantity of heroin, a grinder, and a large amount of United States currency. A search of the residence where the defendant was seen revealed a quantity of heroin, marijuana, and two firearms. During the investigation, it was determined that the defendant was involved with at least 20 grams, but less than 40 grams, of heroin, a Schedule I controlled substance.

18. The defendant, RAYSHAWN LIGON, further acknowledges that the above outline of his conduct does not set forth each and every act he committed in furtherance of the offense to which he is pleading guilty nor does it set forth each and every act that was part of the same course of conduct and common scheme and plan as the offense of conviction, and that the government could prove other acts evidencing the crimes alleged in the Indictment.

## ACKNOWLEDGMENTS

19. The defendant acknowledges that he has reviewed the merits of the charges and all possible defenses to said charges that he may have with his attorney. The defendant further acknowledges that he has had sufficient time to

-9-

consult with his attorney on these matters, and he believes he has received effective assistance of counsel.

20. The defendant acknowledges that his offer to plead guilty is freely and voluntarily made and that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to induce him to plead guilty.

21. The defendant further declares that he is not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair his ability to fully understand the terms and conditions of the plea agreement. This Plea Agreement sets forth the full and complete terms and conditions of the agreement between the defendant and the government.


7-25-05
_____
Date

_____
RAYSHAWN LIGON
Defendant


## STATEMENT OF ATTORNEY

22. As attorney for the defendant, I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an

-10-

accused, the factual basis for and the nature of the offense to which the guilty plea

will be entered, possible defenses, and the consequences of the guilty plea. No

assurances, promises, or representations have been given to me or to the defendant

by the United States or by any of its representatives which are not contained in the

written agreement. This Plea Agreement sets forth the full and complete terms and

conditions of the agreement between the defendant and the United States.

7/25/05
Date

Donald Butler, Esq.
Attorney for Defendant

GREGORY A. WHITE
United States Attorney

7-25-05
Date

David P. Folmar, Jr.
Reg. No. 16628 (North Carolina)
Assistant United States Attorney
Cleveland, Ohio  44113
Tel. No.: 216/622-3933
Fax: 216/522-7499
E-Mail: David.Folmar3@usdoj.gov

APPROVED:

_____        _____
Date                              DAN AARON POLSTER
                                      UNITED STATES DISTRICT JUDGE